UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

LARRY L. DURRETT ]
    Plaintiff, ]
 ]
v. ] No. 1:14-0014
 ] CHIEF JUDGE HAYNES
JIMMY BROWN, et al. ]
    Defendants. ]

# MEMORANDUM

Plaintiff, Larry L. Durrett, an inmate at the Lawrence County Jail in Lawrenceburg, Tennessee, filed this pro se action under 42 U.S.C. § 1983 against the Defendants: Jimmy Brown, Sheriff of Lawrence County; the Administration of the Lawrence County Jail; and five members of the staff at the Jail. Plaintiff seeks injunctive relief arising out of his injury at the jail.

According to his complaint, December 12, 2013, Plaintiff injured his arm in a fall. Plaintiff was taken to the infirmary where a nurse provided him Tylenol for the pain and ice to reduce swelling. The next day, an x-ray was taken of Plaintiff's arm. Plaintiff alleges that the Defendants did not provide him with adequate treatment of his injury.

To state a claim for relief under § 1983, the Plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of some right or privilege secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 543-44 (1981). The Eighth Amendment guarantees a prisoner the right to medical care. This right has been violated when prison officials are deliberately indifferent to a prisoner's serious medical needs. Estelle v.

1

Gamble, 429 U.S. 97 (1976).

According to his complaint, Plaintiff alleges that he was given medication for the pain, ice to control the swelling, and an x-ray was taken to determine the extent of the injury. These facts do not suggest that the Defendants have not been deliberately indifferent to the Plaintiff's serious medical needs. This dispute, therefore, arises over the adequacy of the care provided the Plaintiff. When a prisoner has received some medical attention and his claim is a challenge to the adequacy of the care provided, federal courts are generally reluctant to second guess medical judgments and constitutionalize claims which sound in state tort law. Hill v. Jones, 211 F.3d 1269 (6th Cir.2000). Medical malpractice does not become a constitutional tort merely because the victim is a prisoner. Estelle, *supra* at 429 U.S. 105-106. Therefore, the Plaintiff has failed to allege facts that present a violation of federal law. Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir.2001).

Absent a violation of federal law, Plaintiff has failed to state a claim upon which relief can be granted. When a prisoner proceeding *in forma pauperis* and fails to state a claim for relief, the Court must dismiss the action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate Order is filed herewith.

It is so **ORDERED**.

ENTERED this the 27 day of January, 2014.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court

2